

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania  15219*                    *412/644-3500*

February 25, 2026

Kathryn Dyer, Esquire
Office of the Federal Public Defender
Western District of Pennsylvania
1001 Liberty Ave., Suite 1500
Pittsburgh, PA 15222

Re:    United States of America v.
       Shawn Monper
       Criminal No. 25-121

Dear Ms. Dyer:

This letter sets forth the agreement by which your client, Shawn Monper, will enter a plea of guilty in the above-captioned case.  The letter represents the full and complete agreement between Shawn Monper and the United States Attorney for the Western District of Pennsylvania.  The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Shawn Monper will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq.  The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence.  The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

A.    The defendant, Shawn Monper, agrees to the following:

1.    The defendant will enter a plea of guilty to Counts Five and Seven of the Indictment at Criminal No. 25-121, charging the defendant with violating 18 U.S.C. §§ 115(a)(1)(B) and 115(b)(4), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

LIMITED OFFICIAL
USE

Page 2

2.      The defendant acknowledges the defendant's responsibility for the conduct charged in Counts One, Two, Three, Four, Six, and Eight of the Indictment at Criminal No. 25-121 and stipulates that the conduct charged in those Counts may be considered by the Probation Office or by the Court in calculating the guideline range and in imposing sentence.

3.      The defendant will voluntarily forfeit to the United States all property subject to forfeiture under 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), including but not limited to:

   (a)      a Taurus, model G3C, 9mm caliber pistol, bearing serial number AGD143093;

   (b)      a Ruger, model LCP, .380 caliber pistol, bearing serial number 379130584;

   (c)      a Heritage Manufacturing Co., model Rough Rider, .22 caliber revolver, bearing serial number 1BH977010; and

   (d)      ammunition of various calibers.

4.      The defendant acknowledges that the above-described property is a firearm and/or ammunition involved in or used in the knowing violation of the offenses charged at Counts Five and Seven.

5.      The defendant acknowledges that the above-described property is presently the subject of a criminal forfeiture action at the above-captioned criminal case number, and the defendant herewith voluntarily consents to the Court entering an order of forfeiture of said property to the United States.

6.      If the Court imposes a fine as part of a sentence of incarceration, Shawn Monper agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of the defendant's prison salary will be applied to pay the fine.

7.      At the time the defendant enters his plea of guilty, the defendant will deposit a special assessment of $200.00 in the form of cash, check, or money order payable to "Clerk, U.S. District Court." In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

8.      Shawn Monper waives any former jeopardy or double jeopardy claims the defendant may have in or as a result of any related civil or administrative actions.

Page 3

9.      Shawn Monper waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

(a)      If the United States appeals from the sentence, Shawn Monper may take a direct appeal from the sentence.

(b)      If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Shawn Monper may take a direct appeal from the sentence.

Shawn Monper further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking the defendant's conviction or sentence and the right to file any other collateral proceeding attacking the defendant's conviction or sentence.

Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

10.      In the event the judgment of conviction and sentence entered as a result of this plea agreement does not remain in full force and effect for any reason, the government may reinstate any charge dismissed or reduced pursuant to this plea agreement. In the event of reinstatement, the defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

B.      In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1.      After the imposition of sentence and pursuant to Rule 11(c)(1)(A), the United States will move to dismiss the remaining counts of the Indictment at Criminal No. 25-121, without prejudice to their reinstatement if, at any time, Shawn Monper is permitted to withdraw the defendant's plea of guilty. In that event, Shawn Monper waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of any count dismissed pursuant to this agreement.

2.      The United States retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Shawn Monper in the offense charged in the Indictment and

Page 4

of any other matters relevant to the imposition of a fair and just sentence, including victim impact.

3.    The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1 or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and/or motion.

4.    The United States will take any position deemed appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C.    Shawn Monper and the United States Attorney further understand and agree to the following:

1.    The penalty that may be imposed upon the defendant at each of Counts Five and Seven is:

(a)    A term of imprisonment of not more than ten (10) years;

(b)    A fine of not more than $250,000;

(c)    A term of supervised release of not more than three (3) years; and

(d)    A special assessment under 18 U.S.C. § 3013 of $100.00.

2.    Pursuant to Rule 11(c)(1)(C), the parties stipulate and agree that the appropriate sentence in this case is:

(a)    as to Count Five, a term of imprisonment of 4 years (48 months); a fine, if any, in an amount to be determined by the Court; a term of supervised release of 3 years (36 months); and a special assessment of $100.00; and

(b)    as to Count Seven, a term of imprisonment of 4 years (48 months), to be served concurrently with the term of imprisonment at Count Five; a fine, if any, in an amount to be determined by the Court; a term of supervised release of 3 years (36 months), to be served concurrently with the term of supervised release imposed at Count Five; and a special assessment of $100.00.

Consistent with Rule 11(c)(1)(C), the Court may accept the plea agreement, reject the plea agreement, or defer a decision until it reviews

Page 5

the presentence report.  If the Court rejects the plea agreement, consistent with Rule 11(c)(5), the defendant will have the opportunity to withdraw his guilty plea.

Defendant agrees that he will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission.

3.  The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement.  Shawn Monper acknowledges that the willful failure to pay any fine may subject the defendant to additional criminal and civil penalties under 18 U.S.C. § 3611 et seq.

4.  This agreement does not preclude the government from pursuing any civil or administrative remedies against Shawn Monper or his property.

5.  If, at any time after this plea agreement is signed and prior to sentencing, the defendant (i) commits any additional federal, state, or local offense; or (ii) breaches any term of this plea agreement, the United States may at its discretion be released from its obligations under this agreement and the defendant's guilty plea, if already entered, will stand.  In that event, the United States will be entitled to seek a sentence other than agreed-upon and/or pursue additional charges against the defendant.  The defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any additional charges.

Any alleged breach of this plea agreement shall be determined by agreement of the parties or by the Court.  A breach of this plea agreement shall be established by a preponderance of the evidence.

6.  The parties agree that, although charges are to be dismissed pursuant to this agreement, Shawn Monper is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L. No. 105-119, § 617 (Nov. 26, 1997) (known as the Hyde Amendment).  Shawn Monper waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

7.  Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement.  The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

Page 6

This letter sets forth the full and complete terms and conditions of the agreement between Shawn Monper and the United States Attorney for the Western District of Pennsylvania and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

TROY RIVETTI
United States Attorney

BRENDAN J. McKENNA
Assistant United States Attorney

I have received this letter from my attorney, Kathryn Dyer, Esquire, have read it and discussed it with my attorney, and I understand the terms of the Agreement. I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

SHAWN MONPER

4/13/20
Date

Witnessed by:

KATHRYN DYER, ESQUIRE
Counsel for Shawn Monper