IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 25-121 |
| | ) | |
| SHAWN MONPER | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, United States Attorney for the Western District of Pennsylvania, and Brendan J. McKenna, Assistant United States Attorney for said District, and hereby submits this sentencing memorandum to the Court.

On April 13, 2026, defendant Shawn Monper (hereinafter "Monper") entered a plea of guilty to Counts Five and Seven of the Indictment, charging him at each count with Influencing, Impeding, or Retaliating Against a Federal Official or Federal Law Enforcement Officer by Threat, a violation of 18 U.S.C. §§ 115(a)(1)(B) and 115(b)(4). Under the terms of the parties' Rule 11(c)(1)(C) plea agreement (Doc. No. 40), the parties stipulated that the appropriate sentence is a total term of imprisonment of four (4) years; a fine, if any, in an amount to be determined by the Court; a total term of supervised release of three (3) years; and a special assessment of $200.00. For the following reasons, the government respectfully requests that the Court accept the plea agreement and impose the stipulated sentence.

The Presentence Investigation Report (hereinafter "PIR") confirmed that Monper falls under Criminal History Category (CHC) I and has a total offense level (TOL) of 25. PIR at ¶¶ 46, 50. A CHC I and TOL 25 establishes an advisory term of imprisonment under the Sentencing Guidelines of 57-71 months. Thus, the parties proposed 48-month term of imprisonment is a modest nine (9) month downward variance from the bottom of the advisory range of imprisonment.

The modest downward variance is supported by the factors set forth in 18 U.S.C. § 3553(a). That is, a 4-year term of imprisonment, to be followed by a 3-year term of federal supervised release, is sufficient but not greater than necessary to accomplish the goals of sentencing. The nature and circumstances of the instant offense, as well as Monper' history and characteristics, warrant the proposed sentence. Without question, the instant conduct, which involved communicating threats to kill U.S. Officials and federal law enforcement in the comment section of YouTube videos, is incredibly troubling. *See* PIR at ¶¶ 15-16. Monper's conduct is aggravated by his obtaining a concealed carry permit, purchasing firearms, and shooting firearms at a local gun range around the time that he communicated his threats. PIR at ¶¶ 15, 17-18. Counterbalancing this conduct is Monper's complete lack of criminal history (PIR at ¶¶ 47-53), his providing physical and financial support to his parents (PIR at ¶ 59), and his willingness to enter into plea negotiations and ultimately plead guilty to his conduct within a relative short period of time (*see* PIR at ¶¶ 5-6).

To be clear, the United States takes instances of threats against politicians and law enforcement very seriously. The requested sentence of 4-years' imprisonment, to be followed by 3-years' federal supervised release, will reflect the seriousness of the offense and ensure that Monper is under some form of judicial supervision for a 7-year period of time. The Government submits that the longer period of supervision, which is the statutory maximum length, will confirm that Monper successfully reintegrates into the community as a law-abiding member of society.

Furthermore, the requested sentence is sufficient to promote respect for the law, to provide just punishment, and to deter Monper and others from communicating threats in the future. Finally, although the requested term of imprisonment constitutes a modest downward variance, the parties stipulated that the statutory maximum period of supervision is appropriate. Thus, the

Government submits that imposition of the requested sentence will ensure that there is no unwarranted sentence disparity between similarly situated defendants.

WHEREFORE, for all the foregoing reasons, the government respectfully requests that the Court impose the agreed upon sentence.

Respectfully submitted,

TROY RIVETTI
United States Attorney

By: s/*Brendan J. McKenna*
BRENDAN J. McKENNA
Assistant U.S. Attorney
PA ID No. 314315